State, Respondent, vs. Freudenberg, Appellant.

*May 17—June 12, 1917.*

*Infants: Minor employees: Attendance at continuation school: Statute construed: Validity: Punishment for violation: Delinquent child.*

1. Sec. 1728*o*—2, Stats.,—providing that "any minor in employment between the ages of sixteen and seventeen," residing in a town, village, or city in which a continuation school has been established, "shall attend such school in the daytime not less than five hours per week for six months in each year or four hours per week for eight months,"—requires continuous attendance at said school in consecutive months for the prescribed period by all employed minors of the age stated, regardless of their educational attainments.

2. Said statute, though restrictive of personal rights, is not so clearly destructive thereof as to be unconstitutional.

3. Although the provision in said sec. 1728o—2 relating to punishment for its violation seems to refer to the punishment of employers only, yet a girl who has violated the law in respect to the required continuous period of attendance, or who after attending for a shorter period has thereafter habitually neglected and refused to attend, may properly be held to be a delinquent child under sec. 573—1, Stats.

4. Sec. 439a, Stats., which entitles the person having control of a child, in specified cases, to select the school such child shall attend, does not relate to minors between the ages of sixteen and seventeen, or affect in any way the requirements of sec. 1728o—2.

5. Although a strict enforcement of said sec. 1728o—2 may be harmful in some instances, the courts cannot make exceptions thereto to fit particular situations.

APPEAL from a decision of the juvenile court of Milwaukee county: JOHN C. KAREL, Judge. *Affirmed.*

Appellant, December 6, 1916, was duly charged before said court with being a delinquent girl of the age of sixteen years because of her having unlawfully failed, neglected, and refused to attend continuation school as required by sec. 1728o—2, Stats. Such section provides that in case of a continuation school being established according to the statutes in any town, city, or village, "any minor in employment between the ages of sixteen and seventeen," residing therein, "shall attend such school in the daytime not less than five hours per week for six months in each year or four hours per week for eight months, as may be determined by the local board of industrial education," and "Every employer shall allow all such minor employees a reduction in hours of work of not less than the number of hours the minor is" so required to attend school and when working time and class time coincide, the latter shall be preferred; any violation of such regulation to be punishable "as is provided in the case of violation of the provisions of section 1728a of the statutes." Such section does not deal with the subject of punishment of minors.

Sec. 573—1, Stats., provides, among other things, that any girl shall be deemed delinquent who, being under the age of eighteen years, "violates any law of this state, the penalty for which is not imprisonment in the state prison," or "who is habitually truant or habitually insubordinate in any school," and subsequent sections provide for dealing with such cases as was done in the particular instance.

The case was tried on a plea of not guilty. The testimony was to this effect: Appellant was sixteen years of age September 13, 1916. She resided with her parents in Cudahy where a continuation school had regularly been established, and where, under the statute, she was required to attend in case of being such a person as is mentioned in sec. 1728o—2 aforesaid. She was a graduate of a grammar school, had taken one year's study in high school, and was a graduate of Hoffman Business College of the city of Milwaukee. From March, 1916, to the commencement of the action she was in the employ of one Holm, a publisher in said city and her place of employment was some seven miles from her home. She worked first as a stenographer and then as bookkeeper. She attended the continuation school Tuesday afternoons for two months prior to the time in November when she ceased working as a stenographer. Thereafter her employment as bookkeeper so occupied her time that she could not, and her employer would not allow her to, attend the school. She was willing to attend continuation school Saturday afternoons in the city of Milwaukee and Hoffman Business College therein between 9 and 10 o'clock a. m. for the purpose of obtaining instruction in penmanship, which she needed and could not obtain at the continuation school in her home city. She was a good student and was quite accomplished for one of her years and station. She neglected and refused to attend the continuation school in said city after she was employed as bookkeeper though she and her parents were notified of the law requiring her to do so. She was willing to obey the law

in the future. The court refused to discharge her and held that she was a delinquent as charged, but granted a stay of enforcement of the decision pending an appeal to this court which was taken.

For the appellant there was a brief by *Runkel & McLogan* of Milwaukee, and oral argument by *Harry R. McLogan.*

For the respondent there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *William A. Zabel,* assistant district attorney, and oral argument by *William A. Zabel.*

Marshall, J. Did appellant violate the law requiring her to attend the continuation school in the city of Cudahy for at least five hours per week for six months during her seventeenth year? As indicated by the statement, she attended for about two months, then neglected and refused to do so further, but there was ample time left for her to attend for the remaining four months if the law does not require continuous attendance for five hours each week for six consecutive months.

No reason is perceived why the law is not constitutional, therefore we have only to inquire what it means and whether appellant violated it.

The legislature, in its wisdom, has provided that a minor between the ages of sixteen and seventeen years, in the circumstances mentioned in the statute, shall attend continuation school as therein provided. The idea seems to be that a minor, during the seventeenth year, shall not take or be afforded employment away from home so as to preclude attending school as the statute provides; that if not in such employment there will be no efficient reason why such attendance shall not occur and the matter may well be left to the minor and the parents or guardian.

It seems, as the trial court held, that the statute requires continuous attendance for the prescribed number of hours

per week in six consecutive months. While the record is not very clear in respect to the matter, it seems that the trial court considered that, subsequent to the commencement of the action, there was not time for appellant to attend the school for the requisite continuous period during the balance of the school year spanned by her seventeenth year, and that she habitually neglected and refused to attend after she had done so for about two months. She therefore violated the law, before the action was commenced, both in respect to such period of attendance and in being habitually truant. Both are covered by sec. 573—1 defining what shall constitute delinquency.

It is contended that the words of sec. 1728o—2 "Any violation of this section shall be punished as is provided in the case of violation of the provisions of section 1728a of the statutes" do not refer to punishment of minors but of employers and are exclusive. True, those words seem to refer to employers as sec. 1728a relates wholly to that subject. But appellant was charged with being a delinquent under sec. 573—1 and associate sections which define what shall be deemed delinquency and provide for dealing therewith as was done in this case.

It is last contended that sec. 1728o—2 must be read in connection with sec. 439a, Stats., which entitles the person having control of a child, in specified cases, to select the school such child shall attend. That section does not deal with minors between the ages of sixteen and seventeen.

Much of the evidence on the trial which was offered on behalf of appellant was to show she had such educational qualifications that she was not a proper subject for continuation school training and that, under the circumstances, it was greatly to her advantage to forego such training, pursue her vocation as a bookkeeper, and take advantage of the facilities afforded her for such instruction as would be of use to her in such business. A pretty strong case was made in that re-

State v. Freudenberg, 166 Wis. 35.

gard. Probably, in the particular instance, it was to the advantage of the minor to lose the continuation school training and retain her place as an employee, rather than to lose the latter in order to have the benefit of the former, but that does not seem to be a legal excuse for her conduct. The statute is mandatory, requiring girls circumstanced as she was, to attend continuation school or remain out of employment. It does not seem to admit of any exception. It is one of the numerous child-labor laws which the legislature has seen fit to place on the statute books for the purpose of promoting the welfare of minors and preparing them for adult activities. Some of such laws may seem rather extreme regulations. Doubtless a strict enforcement in some instances may be harmful, but courts must take the law as the legislature makes it so long as within constitutional limitations. They cannot make exceptions thereto to fit particular situations. To do that is within legislative authority. The best way to deal with a law which seems unnecessarily restrictive of personal rights, though not so clearly destructive thereof as to reach outside of the boundary of legitimate regulation, is to apply it as legislatively intended and leave the responsibility, as regards changing it, to the lawmaking power. There rests the sole responsibility for restrictive but constitutional enactments.

The court did right in not discharging appellant because of the strong palliating circumstance of her conduct. Had it possessed power to make an exception to the law in her case, that would doubtless have been done. It is left for the pardoning power to deal with such situations where the legislature has not made any provision therefor.

*By the Court.*—The decision appealed from is affirmed, and the cause remanded for further proceedings according to law.